Smith v. The Registrar of Property.

Appeal from a decision of the Registrar of Property
of Guayama.

No. 113.—Decided March 25, 1912.

Lease of Undivided Interest in Real Property—Common Ownership—Agree-
ment of Majority.—A contract of lease of a property belonging to several
persons being an administrative act should be executed by a majority in
number of the joint owners and by all of them when by reason of the
existence of any of the conditions mentioned in subdivision 5 of article 2
of the Mortgage Law it constitutes a lien or real right on the premises in
favor of the lessee.

Id.—Lease of Undivided Interest.—The lessee should be able to enjoy the
possession of something definite and concrete and as the owner of an undi-
vided interest does not possess a specific portion of the common property
he cannot lease his interest and must submit to the control of all the owners
in common.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

Mr. Justice Aldrey delivered the opinion of the court.

Under a public instrument dated April 14, 1910, Pedro
Juan Rosaly, as attorney in fact of the owners of nine-
twentieths of the plantation "Carmen," situated in Salinas,
extended for 20 years a lease granted by all the coparticipants
of said property, but restricting the extension to the shares
or portions belonging in common ownership to the partici-
pants represented by him.

Upon presentation of said deed for admission to record
to the registrar of Guayama, he refused to do so on the
ground, as we understand his decision, that said shares are
recorded, together with others held in common ownership,
from which decision Jeremiah Smith, Jr. has appealed.

The extension of a lease is, of course, nothing else than
a new lease, and as such we will consider the deed, subject-
matter of this appeal.

According to the terms of the instrument presented to
the registrar, although it is said in its second statement of

facts that the contracting parties have agreed to extend the lease of the plantation "Carmen," and in the first of the stipulations of the instrument executed it is stated that the parties extend the former lease granted by all the coparticipants of the plantation for a period of 20 years, we find, however, that the instrument contains also the statement that such extension is restricted to the shares belonging to the constituents of Mr. Rosaly, representing nine-twentieths of the property.

Judging by the way the contract reads, it seems that what the coparticipants have done is to grant a lease of their undivided shares and not a lease of a part or the whole of the plantation, it being maintained by appellant that he has a right to do so independently of the other coparticipants, and that the contract is recordable.

It is true that, according to section 354 of the Civil Code, every owner has a right to enjoy and dispose of his property, with such restrictions as are established by law.

That same body of laws prescribes a set of rules for the management of property belonging in common ownership to several persons, according to which rules the resolution of a majority of the participants, representing the greater part of the estate, shall be binding on all, as to the management and fuller enjoyment of the property.

Now, then, since in a contract of lease the thing given is the right to enjoy or use a particular property for a specific price and for a definite period, the giving of such right is tantamount to an administrative act which should be governed by the aforesaid rules relating to common ownership; hence, the contract in question may be executed only by a majority of the participants, as to their proportion in the estate, provided some of the conditions established in article 2, subdivision 5, of the Mortgage Law do not concur in said contract, in which case the consent of all the participants shall be required, because such contract would then constitute a lien on the premises in favor of the lessee.

And let it not be alleged, as it has been alleged by appellant, that the owners of nine-twentieths of the property have leased only their undivided interest in the property, because as the lease of a thing involves the enjoyment and use of such thing, the lessee should be able to enjoy the possession of something definite and concrete; but, as the owner of an undivided interest does not possess a specific portion of the property held by him in common ownership, he cannot lease a thing or right which he cannot himself individually deliver to the lessee so that the latter may possess and enjoy it, and consequently, he must submit to the rules of all the owners in common.

Moreover, the said contract is not recordable because no specific property is leased, and article 2, subdivision 5, of the Mortgage Law refers to the lease of real property, not to the lease of undivided interests.

For the reasons above given the decision of the registrar should be sustained.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.